**SINHA LAW**
XHAVIN SINHA (SBN 309340)
3901 Lick Mill Blvd., Ste. 356
Santa Clara, CA 95054
Telephone: (408) 791-0432
Email: xsinha@sinha-law.com

Attorney for Plaintiff
PACIFIC ENVIRONMENTAL ADVOCATES, LLC

**ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP**
SHAWN T. COBB (SBN 259654)
One America Plaza
600 West Broadway, 27th Floor
San Diego, CA 92101-0903
Telephone: (619) 233-1155
Email: scobb@allenmatkins.com

MATTHEW E. LEE (SBN 306799)
3 Embarcadero Center, 25th Floor
San Francisco, CA 94111-4074
Telephone: (415) 837-1515
Email: mlee@allenmatkins.com

Attorneys for Defendant
GHILOTTI BROS., INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

PACIFIC ENVIRONMENTAL ADVOCATES, LLC, a California limited liability company,

Plaintiff,

v.

GHILOTTI BROS., INC., a California corporation, d/b/a ECOTERRA; and DOES 1-10, inclusive,

Defendant.

Case No. 3:26-cv-01809-LB

**JOINT STATUS REPORT AND STIPULATED REQUEST RE: CASE SCHEDULE; ORDER**

Status Conference: November 5, 2026
Time: 11:00 a.m. (Videoconference)
Judge: Hon. Laurel Beeler

Pursuant to the Court's September 19, 2026 Order (Dkt. 17), Plaintiff PACIFIC ENVIRONMENTAL ADVOCATES, LLC ("Plaintiff") and Defendant GHILOTTI BROS., INC., d/b/a ECOTERRA ("Defendant") (collectively, the "Parties"), by and through their respective undersigned counsel of record, submit this Joint Status Report regarding the status of settlement. Pursuant to Civil Local Rule 7-12, the Parties also stipulate to and request the scheduling relief set forth in Section III below.

**I. STATUS OF SETTLEMENT**

1. On September 19, 2026, the Court granted the Parties' stipulation (Dkt. 16), directed the Parties to file an updated status report on or before October 29, 2026, and set a status conference for

November 5, 2026, at 11:00 a.m. (Dkt. 17.) The current deadlines are November 19, 2026, for Defendant to answer or otherwise respond to the Complaint, for the Parties to meet and confer under Federal Rule of Civil Procedure 26(f), and for the Parties to file ADR Certifications; and December 3, 2026, for initial disclosures. (*Id.*; Dkt. 16 ¶ 21.) The Court noted that the date of any initial appearance can be addressed in this report. (Dkt. 17.)

2. Settlement exchanges have taken longer than the Parties anticipated in their last stipulation. (*See* Dkt. 16 ¶ 12.) On October 7, 2026, Defendant provided Plaintiff with its concerns regarding Plaintiff's September 10, 2026 proposal. On October 8, 2026, Plaintiff provided Defendant with a revised redline of the proposed consent decree, which Defendant is reviewing.

3. The Parties had scheduled a meeting on October 30, 2026, with the goal of finalizing the terms of the proposed consent decree. Because of an unforeseen medical circumstance affecting one of Defendant's representatives, that meeting cannot proceed on October 30. The Parties are using best efforts to reschedule the meeting within two weeks, subject to the availability of the party representatives, counsel, and consultants.

4. The Parties no longer expect to lodge an executed proposed consent decree on or before November 6, 2026, due to the delay caused by the unforeseen medical circumstance. (*See* Dkt. 16 ¶ 13.) The Parties therefore propose the schedule set forth in Section III below. The Parties request that the date of any initial appearance be deferred until after their next filing.

## II. FEDERAL REVIEW PERIOD

5. Because the United States is not a party to this action, no consent judgment may be entered until 45 days after the Attorney General and the Administrator of the Environmental Protection Agency receive a copy of the proposed consent judgment. 33 U.S.C. § 1365(c)(3); 40 C.F.R. § 135.5. Upon lodging, Plaintiff will serve the executed proposed consent decree as required by 40 C.F.R. § 135.5(a), and will notify the Court of the review requirement and the dates of receipt as required by 40 C.F.R. § 135.5(b).

6. Even if an executed proposed consent decree is lodged on November 6, 2026, and received by the Attorney General and the Administrator that day, it could not be entered before December 21, 2026. The current deadlines for Defendant's response to the Complaint, the Rule 26(f)

conference, and ADR Certifications (November 19, 2026), and for initial disclosures (December 3, 2026), would therefore fall within the review period. Proceeding with those obligations while the proposed consent decree is under federal review would consume party and judicial resources without advancing the resolution of this action.

**III. STIPULATED REQUEST REGARDING CASE SCHEDULE**

7. Prior time modifications in this case are as follows. Defendant's deadline to answer or otherwise respond to the Complaint has been extended five times. (Dkts. 9, 11, 13, 15 & 17.) The Initial Case Management Conference and the related Case Management Statement deadline were continued three times (Dkts. 11, 13 & 15), and no Initial Case Management Conference is currently set (Dkt. 17). The deadlines for ADR Certifications, the Rule 26(f) conference, and initial disclosures were reset by the orders at Dkts. 15 and 17, and the deadline for Defendant's consent or declination to proceed before a magistrate judge was extended to October 2, 2026 (Dkt. 17). No trial date, discovery cutoff, or dispositive motion deadline has been set.

8. The Parties' last stipulation contemplated that, upon lodging, the Parties would request that any remaining deadlines be vacated pending the 45-day review period. (Dkt. 16 ¶ 13.) Because the assigned Magistrate Judge will conclude her judicial service effective November 12, 2026, the Parties request that relief now, to take effect upon lodging, so that the post-lodging schedule is in place before that date. The Parties also request that the vacatur continue until the Court rules on entry of the consent decree, rather than end with the review period, so that the deadlines do not revive before the Court can act on entry. Until an executed proposed consent decree is lodged, the Parties request that the current deadlines be extended as set forth below, and, if no executed proposed consent decree has been lodged by December 17, 2026, the Parties will file a further joint status report on or before that date.

9. On or before January 14, 2027, the Parties will file either (a) a joint request for entry of the consent decree, if the 45-day review period has expired, advising the Court of any comments submitted by the United States, or (b) a further joint status report. If the Court declines to enter the consent decree, or the proposed consent decree is withdrawn, the Parties will file a joint status report within 14 days proposing a schedule for the remaining deadlines.

10. The requested relief is not sought for purposes of delay and will not prejudice any Party. It would align the remaining deadlines with the statutory review period and the Court's ruling on entry, and conserve party and judicial resources.

11. NOW THEREFORE, the Parties stipulate to and request that the Court order that, pending lodging, the current deadlines are extended as set forth below, and that upon the filing of a notice of lodging of an executed proposed consent decree, the following schedule applies:

| Case Management Event | Current Deadline | Pending Lodging | Upon Lodging |
|---|---|---|---|
| Defendant's deadline to answer or otherwise respond to the Complaint | Nov. 19, 2026 | Jan. 7, 2027 | Vacated pending ruling on entry |
| Deadline to meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan (Fed. R. Civ. P. 26(f)) | Nov. 19, 2026 | Jan. 7, 2027 | Vacated pending ruling on entry |
| Deadline to file ADR Certifications (ADR L.R. 3-5) | Nov. 19, 2026 | Jan. 7, 2027 | Vacated pending ruling on entry |
| Deadline to make initial disclosures (Fed. R. Civ. P. 26(a)(1)) | Dec. 3, 2026 | Jan. 21, 2027 | Vacated pending ruling on entry |
| Initial Case Management Conference | Not set | Not set | Deferred pending ruling on entry |
| Joint request for entry of consent decree, or further joint status report | — | Further joint status report by Dec. 17, 2026 if not lodged | On or before Jan. 14, 2027 |

**IT IS SO STIPULATED.**

Dated: October 29, 2026

**SINHA LAW**

By: /s/ Xhavin Sinha
XHAVIN SINHA
Attorney for Plaintiff
PACIFIC ENVIRONMENTAL ADVOCATES, LLC

Dated: October 29, 2026

**ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP**

By: /s/ Matthew E. Lee
MATTHEW E. LEE
Attorneys for Defendant
GHILOTTI BROS., INC.

**ORDER**

PURSUANT TO STIPULATION, and good cause appearing, IT IS SO ORDERED:

1. Upon the filing of a notice of lodging of an executed proposed consent decree: (a) the deadlines to answer or otherwise respond to the Complaint, to meet and confer under Federal Rule of Civil Procedure 26(f), to file ADR Certifications, and to make initial disclosures are VACATED pending the Court's ruling on entry of the consent decree; (b) the Court defers setting an initial case management conference pending that ruling; and (c) on or before January 14, 2027, the Parties shall file either a joint request for entry of the consent decree or a further joint status report.

2. Until an executed proposed consent decree is lodged: (a) the deadlines to answer or otherwise respond to the Complaint, to meet and confer under Federal Rule of Civil Procedure 26(f), and to file ADR Certifications are extended to January 7, 2027, and the deadline to make initial disclosures is extended to January 21, 2027; and (b) if no executed proposed consent decree has been lodged by December 17, 2026, the Parties shall file a further joint status report on or before that date.

3. If the Court declines to enter the consent decree, or the proposed consent decree is withdrawn, the Parties shall file a joint status report within 14 days proposing a schedule for the remaining deadlines.

4. The status conference set for November 5, 2026, at 11:00 a.m. remains on calendar.

Dated: October 29, 2026______________________

______________________________
**HON. LAUREL BEELER**
United States Magistrate Judge